In Re: Petition Objecting to the Nominations and/or Papers of Bill Riley for the Office of Mayor of the City of Chester etc. Bill Riley et al., Appellants.

Argued September 14, 1983, before Judges ROGERS, MacPHAIL and BARRY, sitting as a panel of three.

*John M. Gallagher, Jr., Richard, DiSanti, Hamilton, Gallagher & Paul,* for appellants.

*Edward J. Zetusky, Jr.,* for appellee.

OPINION BY JUDGE MACPHAIL, October 12, 1983:

Appellants[1] have brought this appeal from an order of the Court of Common Pleas of Delaware County declaring their nomination papers to be invalid. Appellants seek to be nominated as candidates, representing the Chester Independent Party, for the offices of Mayor and City Council in the City of Chester in the upcoming municipal election. This opinion is filed in support of our order, dated September 14, 1983, reversing the order of the court of common pleas and reinstating Appellants' nomination papers.[2]

---

[1] Bill Riley, Johnnie Monroe and Charlie L. Warren, II. The parties agree that Lorraine E. Edwards, whose name also appears on the docket, was mistakenly included as a party appellant.

[2] Our order also denied the motions to dismiss or restrict argument filed by Joseph F. Battle, Jr. (Appellee).

On June 3, 1983, Appellee instituted the instant challenge to Appellants' nomination papers pursuant to Section 977 of the Election Code (Code)[3] by filing a petition to set aside the papers with the court of common pleas. The court conducted three hearings on the petition and subsequently determined that although a total of 258 names appear on the papers, they include only 132 valid signatures. It is agreed that a total of 134 valid signatures are necessary for nomination.

Pertinent to the instant appeal are three categories of signatures which the trial court found to be invalid:

1. The signatures of four persons who, in addition to signing their own names, also signed the names of other persons.[4]

2. Thirty signatures with stated addresses which differ from those listed on the signers' current registration cards.

---

The motion to dismiss was based upon the Appellants' failure to timely file their brief and reproduced record. While we wish there was strict adherence to the orders of our Court, we recognize the pressures of time in election cases. Appellee alleges no prejudice by reason of the delay and we are well satisfied that there was reasonable justification for the failure to strictly comply with our order. The intervention of the Labor Day holiday undoubtedly was a substantial factor in causing the delay.

The motion to restrict argument was based upon Appellee's contention that Appellants limited themselves to two legal issues in their applications to advance argument and to be excused from filing a reproduced record. We note that Appellants' brief sets forth the four (4) issues to be argued and that Appellee's reply brief adequately addresses each of those four (4) issues. In addition, the issue upon which we have decided this case was one of the two (2) issues set forth in Appellants' applications. Appellee cites no legal authority in support of his motion and we have found none. In any event, again we find no prejudice to Appellee.

[3] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2937.

[4] Appellants concede that the non-genuine signatures are invalid.

3. Six names which are printed on the nomination papers rather than written in the script or cursive style used on the signers' voter registration cards.

Section 951(c) of the Code, 25 P.S. §2911(c) provides as follows regarding the manner of signing nomination papers:

Each person signing a nomination paper shall declare therein *that he is a qualified elector* of the State or district, as the case may be, and shall add to his signature his occupation and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing. . . . (Emphasis added.)

Thus, the primary prerequisite for signing a nomination paper is that the signer be a "qualified elector" of the election district involved.

The trial court concluded, with respect to the first category of signatures which were stricken, that the four individuals who affixed names in addition to their own to the nomination papers "cannot claim validity as signers". We disagree.

We first observe that there has been no challenge made to the genuineness of the four signatures at issue. Instead, the trial court based its invalidation of the signatures on Section 1813 of the Code, 25 P.S. §3513, which provides that "if any person shall *fraudulently* sign any name not his own to any . . . nomination paper . . . he shall be guilty of a misdemeanor. . . ." (Emphasis added.) Although there is no indication in the record that the signers here have been convicted or even charged with fraudulently signing another person's name to the nomination papers, the trial court nevertheless concluded that the four signatures must be stricken to prevent a fraud on the nomination process.

We think, however, that unless and until the four signers are actually convicted under Section 1813, they remain "qualified electors" as that term is defined by the Code[5] and may not be denied the important right of participating in the election process. We note that the Code itself provides in Section 1852, 25 P.S. §3552, that upon *conviction* of a willful violation of the Code, a person must be disfranchised for four years. Absent such a conviction we conclude that an otherwise qualified elector is entitled to participate in the nomination process. Since no other challenge has been made to the four signatures at issue, we must hold that the signatures were improperly stricken from the nomination papers.

Having established the validity of four additional signatures, the total number of valid signatures is increased to 136, or two in excess of the number needed for nomination. We, accordingly, need not rule on the validity of the two other categories of signatures described above.[6]

## ORDER

The Appellee's motion to dismiss is denied. The Appellee's motion to restrict argument is denied. The order of the Court of Common Pleas of Delaware County dated July 18, 1983, is reversed. The nomination papers of Bill Riley, Johnnie Monroe and Charlie

---

[5] Section 102(t) of the Code, 25 P.S. §2602(t) defines a "qualified elector" as:

[A]ny person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election.

[6] Appellee argues that the trial court erred in failing to invalidate several other signatures on the nomination papers. Appellee has failed, however, to file a cross appeal from the trial court's order and his arguments, therefore, need not be addressed.

L. Warren, II, are reinstated and the Election Bureau of Delaware County is directed to list the names of those candidates on the ballot for the offices they seek in the municipal election to be held November 8, 1983. Opinion to follow.